Pierson R. Hildreth, S.
In this proceeding for probate of a will alleged to have been lost (SCPA 1407) proponent through his attorney, seeks an allowance for legal expense incurred. After a hearing, the court found that the proof failed to establish that the will had not been revoked and rendered its decision that probate be denied. A decree denying probate is now presented for settlement.
Proponent was the alternate executor named in the will, the primary executor who was decedent’s husband having predeceased her. Since there were no known distributees, the Attorney-General was cited and appeared, and the unknown distributees were represented by their guardian ad litem. Each of them concurs, as does the court, that proponent propounded the lost will for probate in good faith. Both, however, opposed probate on the ground that the proof failed to overcome the presumption of revocation.
Proponent sought probate of a lost will dated May 22, 1970. It was alleged that the original was in existence at and after the death of decedent which occurred April 15, 1974, and was thereafter inadvertently destroyed or lost and was never revoked by decedent. So that proponent could establish by necessary proof the execution of a valid will and its nonrevocation, a hearing was directed. The burden of proof to establish the issues was upon proponent. That a valid original will was made in 1970 was shown. But that it was in existence at or after death was not shown, nor was the presumption of revocation overcome.
A contested probate proceeding in which the court in its discretion may award a nominated executor an allowance for expenses where the will is propounded in good faith, is usually one in which objections have been filed raising issues as to execution, capacity or fraud or undue influence. The statute, SCPA 2302 (subd 3, par [a]) provides for such allowance for expenses incurred in the contest "or attempt to sustain the will.” In this proceeding to probate a lost will the main issue requiring a hearing was nonrevocation, on which proponent had the burden in the attempt to sustain the will. The court is of the opinion that such proceeding requiring a hearing is a contested probate proceeding within the meaning of that phrase as used in SCPA 2302 (subd 3). Accordingly, the court *873 in its discretion may award the nominated executor who propounded the lost will in good faith an allowance for expenses incurred, although the attempt to sustain the will was unsuccessful.
The allowance requested is $8,000 plus disbursements. This would appear to be nearly 10% of the value of the estate so far as known, and is opposed as excessive by the Attorney-General and guardian ad litem. The terms of the retainer agreement, if any, with the proponent are not shown. The services in general were routine: opening safe-deposit box, petition for probate, efforts to locate distributees, attempt to establish the lost will by proof at the hearing for which the attorney retained trial counsel. The hearing took less than half a day. Since it appears that decedent died intestate, complete administration in intestacy will presumably be required.
The court has carefully considered the factors and circumstances and services rendered. (Matter of Potts, 213 App Div 59, affd 241 NY 593.) Proponent will be awarded for counsel fees and expenses incurred the sum of $2,500, which sum together with disbursements of $180.16, shall be payable to proponent’s attorney and to be charged to and paid out of assets of the estate. The court determines that such is a reasonable allowance. Proponent’s attorney is responsible for payment of any compensation due trial counsel, and no separate allowance is made for trial counsel. The guardian ad litem will be allowed compensation in the amount of $1,000, which is also to be charged to and paid out of assets of the estate.
Decree signed.